IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00076-JLK-4

UNITED STATES OF AMERICA,

   Plaintiff,

v.

CRISTIAN RAZO SICAIROS, aka Cristian Sicairos Razo,

   Defendant.

_____

**ORDER CONVERTING JULY 29 STATUS CONFERENCE TO SENTENCING HEARING**
_____

KANE, J.

The Tenth Circuit remanded this case for re-sentencing because of inconsistencies regarding the offense-level-reducing motions that I granted and the corresponding term-of-months to which I sentenced Mr. Sicairos, evidenced in the Sentencing Hearing Transcript (Doc. 217), the Presentence Investigation Report (Doc. 153), the Plea Agreement and Statement of the Facts Relevant to Sentencing (Doc. 120), and my written judgment (Doc. 171).

Mr. Sicairos's base offense level for the amount and concentration of methamphetamine involved is 38 per U.S.S.G. § 2D1.1. The offense level was reduced by three for Mr. Sicairos's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b). The Plea Agreement requested a further two-level reduction, in light of a proposed amendment to Section 2D1.1, and the government stated their agreement to the request at the Sentencing Hearing. (Transcript at 7-8.) This would take the ultimate offense level down to 33. At the Sentencing Hearing, I stated that the total offense level would be 35, with the corresponding imprisonment range of 188 to 235 months. (*Id.* at 11.) I then stated, "I will vary the equivalent of two levels from the guideline range in

consideration of the United States Sentencing Commission's proposed amendment to Section

2D1.1…which will lower the base offense level by two levels." Id. I did not state that the ultimate

offense level would be 33, but granting the two-level variance would have that effect.

I ultimately sentenced Mr. Sicairos to a term of 188 months, a term that is at the top of the

Guideline range for level 33 and at the bottom of the Guideline range for level 35. Before the Tenth

Circuit the parties contended that my intent was an offense level of 33 and to sentence Mr. Sicairos

to 151 months. Their argument was based on efficacy, in that my granting of the two-level

variance would be mooted if my intent was to sentence Mr. Sicairos to 188 months, which was in

the Guideline range of offense level 35 before the two-level variance was granted.

The Tenth Circuit's Order and Judgment (Doc. 323) stated that "The [district] court failed

to calculate the post-variance Guidelines range…or explain the sentence imposed." By this the

Tenth Circuit panel presumably meant for me to clarify whether I did in fact intend for the ultimate

offense level to be 33, and if so whether my sentence would still be 188 months.

At this stage, the sentence previously imposed has been vacated. I will sentence anew and

counsel can present their arguments for an appropriate sentence at 11:00 am on July 29, 2015, the

time and date previously set aside for the status conference.

Dated June 23, 2015.

BY THE COURT:

s/ *John L. Kane*
SENIOR U.S. DISTRICT JUDGE